## DAN HILL *vs.* WILLARD A. MOWRY.

A collector's deed of land sold for nonpayment of taxes, which fixes its boundaries on the north and west, and describes it as bounded on the east on land by which it is in fact bounded only in part, and as bounded on the south on land which in fact is separated from it by land of another person, is void for uncertainty.

WRIT OF ENTRY to recover a lot of land in Blackstone. Plea, the general issue, with a specification of title under a deed from a collector of taxes of that town.

At the trial, before *Thomas*, J., the tenant claimed title under a sale for nonpayment of a school district tax, and a collector's deed, reciting the assessment of said tax on the " Gifford Land," so called, of the demandant, the nonpayment of the tax, and the advertisement of said estate, and purporting to convey to the tenant "A certain lot of land, situate in the Millville part of said Blackstone, containing about half of an acre, and bounded, beginning at the southeast corner of the Episcopal Church lot and running thence northerly to land of said Mowry, thence running easterly on said Mowry's land to land of said Hill, thence running southerly to a street laid out by said Hill, thence to the first bound." The lot demanded in the writ contained about three fourths of an acre, and was bounded on the north by said church lot; on the west by a street laid out by the plaintiff; on the south by land of Benson; and on the east in part by land of the tenant, and in part by other land; as shown on the following plan:

The demandant contended that the assessment of the tax was invalid; and also that the deed was void for uncertainty. The judge directed a verdict for the demandant, and reported the case to the full court.

*P. P. Todd*, for the tenant, to the point that the description in the deed was sufficient, cited *Clark* v. *Munyan*, 22 Pick. 410; *Slater* v. *Rawson*, 1 Met. 455; *Mayhew* v. *Norton*, 17 Pick. 357; *Crosby* v. *Parker*, 4 Mass. 110; *Blaney* v. *Rice*, 20 Pick. 62; *Bosworth* v. *Sturtevant*, 2 Cush. 392; *Williston* v. *Morse*, 10 Met. 17.

*P. C. Bacon*, for the demandant.

SHAW, C. J. Without considering the validity of the school district tax, for the satisfaction of which the land claimed in this action was sold, the court are of opinion that the deed of the collector, taking effect only as the execution of a statute power, should be construed with some strictness, so as to enable the grantee to identify the land, and to enable the owner to redeem it. On examination of the plan, we think this deed fails in these particulars, and is void for uncertainty.

*Judgment for the demandant.*